| | |
|---|---|
| 1 | **JOHN F. DEMEO, SBN 28891** |
| | **JOSHUA M. WEST, SBN 118463** |
| 2 | **DeMEO & DeMEO** |
| | **565 W. College Avenue** |
| 3 | **Santa Rosa, CA 95401** |
| | **Telephone: (707) 545-3232** |
| 4 | **Facsimile: (707) 545-1725** |
| 5 | **Attorneys for Plaintiff** |
| | **TRACEY MEASE** |
| 6 | |
| | **BINGHAM McCUTCHEN LLP** |
| 7 | **MICHAEL J. LOEB, SBN 61927** |
| | **JACQUELINE S. BRONSON, SBN 222169** |
| 8 | **Three Embarcadero Center, 18th Floor** |
| | **San Francisco, CA 94111-4067** |
| 9 | **Telephone: (415) 393-2000** |
| | **Facsimile: (415) 393-2286** |
| 10 | |
| | **THOMAS P. MURPHY** |
| 11 | **(Admitted Pro Hac Vice)** |
| | **JEFFERY B. HARDIE** |
| 12 | **(Admitted Pro Hac Vice)** |
| | **HUNTON & WILLIAMS LLP** |
| 13 | **1751 Pinnacle Drive, Ste. 1700** |
| | **Mclean, Virginia 22102** |
| 14 | **Telephone: (703) 714-7400** |
| | **Facsimile: (703) 714-7410** |
| 15 | |
| | **Attorneys for Defendants** |
| 16 | **SUNRISE SENIOR LIVING SERVICES, INC.;** |
| | **SUNRISE SENIOR LIVING, INC.; SUNRISE** |
| 17 | **SENIOR LIVING MANAGEMENT, INC.** |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| 21 | **TRACEY MEASE,** | Case No. C 04 5205 - SC |
| 22 | Plaintiff, | **UPDATED JOINT CASE** |
| | | **MANAGEMENT CONFERENCE** |
| 23 | v. | **STATEMENT and** ~~**PROPOSED**~~ **ORDER** |
| 24 | **BRIGHTON GARDENS ASSISTED** | |
| | **LIVING, ET AL.** | Date: November 18, 2005 |
| 25 | | Time: 10:00 a.m. |
| | Defendants. | Ctrm.: 1 - 17 Fl., San Francisco |
| 26 | | |
| | _____ / | Trial: TBA |
| 27 | | |
| 28 | /// | |

-1-         Case No. C 04 5205

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

The parties jointly submit this updated Case Management Statement and proposed Order and request the Court to adopt it as the Case Management Order in this case. The parties respectfully request that since settlement is likely imminent (pending agreement on language of the settlement agreement), that the Court continue the Case Management Hearing for a period of at least forty-five (45) days to permit the parties to conclude the matter and file the necessary Stipulation for Dismissal and to excuse the need for an appearance by Counsel (one firm of which is out of State) at the scheduled hearing.

**I. DESCRIPTION OF THE CASE**:

    A.    <u>Brief Description of the Events Underlying the Action</u>:

Please see previous case management conference statement filed jointly by the parties in connection with the April 8, 2005, conference.

**II. THE PRINCIPAL FACTUAL ISSUES WHICH THE PARTIES DISPUTE**:

Please see previous case management conference statement filed jointly by the parties in connection with the April 8, 2005, conference.

**III. THE PRINCIPAL LEGAL ISSUES WHICH THE PARTIES DISPUTE**:

Whether the implied covenant of good faith and fair dealing applied to plaintiff's employment relationship in light of the fact that she was employed at will; whether the public policies asserted by plaintiff are sufficient to support a cause of action for wrongful termination; whether plaintiff was terminated based on defendant's consideration of legally impermissible factors; whether plaintiff properly mitigated her damages; whether a sufficient basis exists for the imposition of punitive damages; whether plaintiff's claims for general damages are barred by California Labor Code, Section 3600 et seq:, and whether defendants breached an implied contract of continued employment for TRACEY MEASE.

**IV. THE OTHER FACTUAL ISSUES [E.G., SERVICE OF PROCESS, PERSONAL JURISDICTION, SUBJECT MATTER, JURISDICTION OR VENUE] WHICH REMAIN UNRESOLVED FOR THE REASONS STATED BELOW AND HOW THE PARTIES PROPOSE TO RESOLVE THOSE ISSUES:**

None.

V. **THE PARTIES WHICH HAVE NOT BEEN SERVED AND THE REASONS:**

None; all unserved parties have been dismissed.

VI. **THE ADDITIONAL PARTIES WHICH THE BELOW-SPECIFIED PARTIES INTEND TO JOIN AND THE INTENDED TIME FRAME FOR SUCH JOINDER:**

None that the parties are aware of presently.

## ALTERNATIVE DISPUTE RESOLUTION

VII. **ASSIGNMENT OF THIS CASE TO A UNITED STATES MAGISTRATE FOR TRIAL:**

The parties do not consent to the assignment of this case to a Magistrate for all purposes, including trial.

VIII. **ADR ASSIGNMENT:**

This case was assigned to the District's ADR Multi-option Program and a mediation was held before Evelyn M. Hunt, Esq. on June 22, 2005, with multiple follow up sesssions by telephone with said mediator. The parties have agreed to a tentative resolution of the case and are presently negotiating and finalizing the language of the settlement agreement. Counsel are hopeful their respective clients will be able to agree on acceptable verbiage soon.

IX. **THE ADR PROCESS TO WHICH THE PARTIES REQUEST REFERRAL:**

As set forth above, the case has already undergone the mediation process and a tentative settlement has been achieved, subject to agreement on the acceptable language to be included in the settlement agreement.

## DISCLOSURES

X. **THE PARTIES HAVE MADE THE FOLLOWING DISCLOSURES:**

The parties were scheduled to exchange their Rule 26 disclosures on April 1, 2005.

1 Plaintiff has made five different document disclosures and produced all documents required by
2 Rule 26; defendants have likewise made their document disclosure and have produced all
3 documents required by Rule 26.

## DISCOVERY

**XI. THE PARTIES PROPOSE THE FOLLOWING DISCOVERY PLAN:**

In light of the position of the case, the Court is respectfully respected to defer on the issues of a time-frame for any further discovery sequence, expert disclosure, dispositive motion and trial setting. Extensive discovery has already taken place with both sides having exchanged and complied with various written discovery requests and the depositions of Plaintiff Mease, former Sunrise Employees Mead, Sousa, Rotella, and Aust, and State Licensing Analyst Hillback. Additional deposition discovery will be required if for some reason the parties are unable to reach consensus on the language of the settlement agreement but at present time the parties appear close to a resolution.

## TRIAL SCHEDULE

**XII. THE PARTIES REQUEST A TRIAL DATE AS FOLLOWS:**

In light of the position of the case, the Court is respectfully respected to defer on the issues of a time-frame for any further discovery sequence, expert disclosure, dispositive motion and trial setting.

**XIII. THE PARTIES EXPECT THAT THE TRIAL WILL LAST FOR THE FOLLOWING NUMBER OF DAYS:**

Five (5) or six (6) court days (jury).

## SIGNATURE AND CERTIFICATION

Pursuant to Civil L.R. 16-6, each of the undersigned certifies that he or she has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the Court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

-4- Case No. C 04 5205
JOINT CASE MANAGEMENT CONFERENCE STATEMENT

| | | |
|---|---|---|
| Dated: <u>November 1, 2005</u> | | DeMEO & DeMEO |

/s/ *Joshua M. West*
Joshua M. West
Attorneys for Plaintiff
TRACEY MEASE

Dated: <u>November 1, 2005</u>            BINGHAM McCUTCHEN LLP
                                                                    and

                                                        HUNTON & WILLIAMS, LLP


By /**s**/ *Jeffrey B. Hardie, Esq.*
Thomas P. Murphy, Esq. or
Jeffrey B. Hardie, Esq.
Counsel Pro Hac Vice for
Attorneys for Defendants Sunrise Senior Living
Services, Inc., Sunrise Senior Living, Inc., and
Sunrise Senior Living Management, Inc.

1 **CASE MANAGEMENT ORDER**

2 The Case Management Statement and Proposed Order is hereby adopted by the Court as
3 the Case Management Order for the case and the parties are ordered to comply with this Order as
4 follows:

5 The Case Management Conference is continued to <u>January 6, 2006</u> at
6 10:00 a.m. for Trial Setting. In the event a Stipulation for Dismissal of the action is filed before
7 the hearing then the matter will be dropped and removed from calendar by the Court without the
8 need for appearance by counsel for the parties. In the event the case has not resolved and no
9 Stipulation for Dismissal has been filed then the parties are required to file the requisite updated
10 case management conference statement within the time set forth by law and counsel shall appear
11 at the updated case management conference for trial setting purposes at the date set forth above
12 for the conference.

14 Dated: <u>November 16, 2005</u>

